## CHRISTOPH BŒHM *et al.*

*v.*

## ERNST BŒHM.

PRACTICE.—*judgment against part, only, of joint defendants—construction of act of* 1869. The second section of the act of March 26, 1869, amendatory of the practice act, which provides that, in suits brought against several defendants, where the plaintiff fails to establish his case against one or more of the defendants, the plaintiff shall, notwithstanding, have judgment against the other defendants, applies only to actions on written contracts.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

This was an action of assumpsit, brought by Ernst Bœhm against Christoph Bœhm and twenty-one others. Declaration on the common counts, and bill of particulars as follows:

CHRISTOPH BŒHM *et al.*

To ERNST BŒHM,          *Dr.*

To services as preacher, from December 10, 1865, to December 10,
  1868, $750 per year................................................$2,250 00
To fuel, groceries, provisions, and feed for one horse, for same
  time............................................................... 1,500 00
                                                                      ─────────
                                                                      $3,750 00
*Contra.*
By cash............................................................... 560 00
                                                                      ─────────
To balance........................................................$3,190 00

Default entered as to part of the defendants, and cause proceeded to trial. At the close of the plaintiff's case, no evidence having been offered to sustain the action against three of the defendants, the plaintiff asked leave to dismiss the suit as to them. To this the defendants objected, and asked the court to instruct the jury that, if the plaintiff had failed to make out a cause of action against any or either of the defendants to the suit, they should render a verdict for the defendants.

The court refused to instruct the jury as requested, but granted plaintiff's motion to dismiss, and the case proceeded to a verdict and judgment against all the defendants except those included in such motion. To this ruling of the court the defendants duly excepted, and they bring the record to this court, asking a reversal of the judgment.

Messrs. MILLER, FROST & LEWIS, for the appellants.

Mr. H. BARBER, Jr., for the appellee.

Per CURIAM : The only question presented by this record is, as to the construction of the 2d section of the act of 1869, amending the practice act. That section reads as follows :

"In all actions brought against several defendants, when the plaintiff shall fail to establish his case against any one or more defendants, who shall put their joint liability in issue by proper pleading as now required, judgment shall be given in favor of such defendant or defendants, but the plaintiff shall, notwithstanding, be entitled to judgment against such other defendant or defendants as may have made the contract sued on : *Provided,* that this action shall only apply to written contracts, when the execution of the instrument sued on shall be put in issue by plea or pleas."

The question is, whether this section applies to verbal, or only to written contracts. The majority of the court are of opinion that it applies only to written contracts. The act is, in any view, drawn in a very careless manner, and it is difficult to see what, on any construction, is the object of the proviso, since the law could necessarily apply to suits on written contracts only where the execution of the instrument had been put in issue by the pleadings. The body of the section, however, shows that it was intended merely as an amendment of the old statute, which required persons, sued as partners, or as joint makers of a written instrument, to put the partnership or the joint liability in issue by a plea verified by affidavit, if they wished to raise this question on the trial. Except

where the defendants were sued as partners, this act applied only to suits upon written instruments, and the act under consideration was designed merely as an amendment to the former act by giving the plaintiff a right to a judgment against those defendants as to whom he could prove a joint liability, suffering a judgment against himself as to the others. The act, in terms, refers to cases in which the defendants have put their joint liability in issue "by proper pleading as now required," that is, by plea verified by affidavit. As the old law had no application to suits upon parol contracts, except in suits against partners, we must hold that this has none.

The judgment is reversed and the cause remanded.

*Judgment reversed.*